Thank you. May it please the court counsel. My name is Barbara Govan. I represent the respondent Michael F. This case is on the response to the appeal for order for involuntary mental health commitment. In this case, the trial court erred in entering this order for several reasons. First, the trial court failed to comply with Section 3805 of the Mental Health Code by not determining prior to the hearing whether a respondent can waive counsel. Second, the trial court denied Michael's right to a fair trial by accepting his waiver of the right to counsel without fully determining whether he normally and voluntarily waived this right. And there's a two-part test. First, it failed to give the proper admonishments, whether he had the sufficient knowledge to make a voluntary and knowing waiver. And second, it accepted his waiver without fully determining whether he could represent himself. And finally, we argue this appeal qualifies under two exceptions to the mootness doctrine. The first issue is whether the trial court complied with Section 3805 of the Mental Health Code by not determining prior to the hearing whether a respondent can waive his right to counsel. As you well know, the right to involuntary commit someone is prescribed by statute. The second issue is whether the trial court failed to comply with Section 3805 of the Mental Health Code by not determining prior to the hearing whether a respondent can waive his right to counsel. We argue that the trial court failed to comply with Section 3805 of the Mental Health Code by not determining prior to the hearing whether a respondent can waive his right to counsel. We request to represent himself, and the court is satisfied that the respondent has the capacity to make a informed waiver. So the language, and just to take a plain reading of this, it seems, it says, shall not proceed. So shall not continue until the court is satisfied. And if you look at, you know, common sense appealing of it, satisfied means a final determination whether the person could represent himself. Is there any case where a trial court has done this where they've reserved it? No. I've looked. I've looked in the criminal statute. I couldn't find anything. And I think because, I mean, I worked in Westlaw and on this. And I think if you think about the common sense part of it, if you reserve the issue waiver of counsel to the end of the hearing and then the trial court says, well, he couldn't represent himself, then we would have to have a whole new hearing, you know. So I think it makes common sense. So short answer, there's no precedent on this issue. But if you think of the practical effects for all parties involved, it makes sense to have a final determination before the hearing on this issue so that we wouldn't have to redo the hearing if the judge finds that the person did not have the capacity to represent himself during the hearing. Also, you know, if the role of counsel is key, especially in these mental health proceedings, so you get improper evidence, improper procedures in during the first hearing and then do you have a whole new hearing? So, you know, and then you also almost doubt the finality of the trial. Is this the real trial or, you know, if the judge says at the end, well, I reconsider, which Judge Harrison said, he said, I'll leave this up to reconsideration. I'll leave my ultimate ruling on this issue to the end of the proceeding. Is it correct that he only asked three questions, the date, who he was, who was the president, where he was? Yeah. And that's, you know, the issue of whether, and that's after I said, Your Honor, you have to go into the issue of capacity. And, you know, if you think about it, a third grader or a fifth grader could answer those questions correctly. You know, that doesn't satisfy the obligation for the court to know whether he knows the hearing's purpose and the role of the counsel and the role of the court. He asked in the beginning, though, also whether he wanted to represent himself. And he confirmed that he did. So it's not like a case like this court visited earlier this issue, waiver, right to counsel, and everyone asked. And that one, there was some ambiguity whether she wanted to represent herself or not. You know, the judge really gave her no option. Here, there is, he was straightforward that he wanted to represent himself. But here the judge gave no, and this is the second issue, he gave no admonishments of what this basically hearing was about and the consequences of the hearing. You know, that this is a hearing for involuntary commitment. If you represent yourself and lose, you can have a 90-day commitment, you know, hospitalization. You know, nothing basic like that. And even though this is not a criminal case, you know, both have the right to counsel. And if you look at Supreme Court Rule 401, it's very clear, you know, before a waiver of counsel in a criminal setting, you have to inform the person of the consequences of the hearing. Here there was no, you know, information or waiver about the consequences of the hearing. Though we fully, you know, agree that a person does have a right to request and represent themselves. But the court has to protect and make sure that, you know, they make a knowing involuntary waiver. And that wasn't done in this case. Basically, it's to avoid the prejudice of, you know, of allowing someone to represent themselves when they don't have the facility or don't understand the consequences. Now, there is some cases where I call them the sophisticated defendant cases where the person is pretty sophisticated, knows what is going on. You know, then the court doesn't have to make such thorough admonishments. But here there was no admonishments. Here there was, and I hate to, you know, talk about my client's mental state. But, you know, the record reflect, he was kind of confused about what was going on. Because the judge here said at the end of the hearing had to tell him that this is not a hearing on medication. And his only question was about medication. And then at the end, his defense was basically a five-page transcript about the Department of Defense, Nevada, the FBI, some military base. I mean, he did mention that he was able to take care of his own basic needs and he wasn't dangerous. You were present for the entire hearing? Yeah. At any time did you interrupt the court and say, Your Honor, I mean, the client's making some absurd statements about this Elmendorf enlistment or something that he talked about? Well, I felt the judge's demeanor that he said I'm going to reserve this ruling to later kind of cut me off from representing him at this hearing. I mean, hindsight, of course, is 20-20. But, you know, and then after he made the statement, Judge Harrison said, Well, I think he understood the hearing. But, you know, hindsight is 20-20. I would probably do a better job next time, to be honest. But I think the judge, you know, The judge just listened to him, asked him some questions, had some doubts, wasn't sure, realized he was dealing with a right, also realized that he had the right to waive that right, and wanted to give it some more time and practice, some time on the ground to see whether this person actually could represent himself. Isn't that essentially what happened? Yeah, and I think he could have, I mean, you know, before the hearing, I think a criminal saying is probably made to be a good mirror of this. You know, you ask questions of the person, non-leading questions. What is this trial for? And that was Lawrence S., where they affirmed his waiver, because they asked a non-leading question, What this trial is for? Why are you here today? You know, what is the role of the attorney? But instead, they just asked the date. Orientation questions. Right. And orientation is different versus capability of representing yourself. So, you know, and perhaps if he asked those questions, he could have found it. You know, but he just didn't do that basic groundwork before the hearing, before he allowed him to waive his basic right to counsel. You know, in Evelyn S., which is a good guide here, you know, the court found that the leading questions did not provide clarification of the person's ability to represent themselves. And, you know, here, there was even less questions asked of Mr. F., Michael, than in the case of Evelyn S. Now, the state would like to distinguish Evelyn S., because she was found before the hearing unfit to stand trial, and Michael wasn't unfit to stand trial. And also that, you know, he clearly wanted to represent himself. But that doesn't relieve the basis of why not having a counsel is not, doesn't relieve the court of its duty and obligation to ensure that the respondent has both the mental ability to represent himself and the knowledge of the counsel's basic role. You know, throughout the hearing, he even mentioned a real estate transaction. He mentioned, you know, his stint at Chester. He mentioned, you know, and, you know, he just was starting to ramble. So basically, you know, to sum it up is that the court should have made this determination before the hearing. And he could have made the determination better if he would have asked more questions than he could have confirmed more if the person had, if Michael had the capability to represent himself. And secondly, there was no embellishments given, no confirmation that he even knew the consequences of this hearing. And as you well know, precedent is courts presume that persons do not intend to relinquish their constitutional rights. So, you know, it's a waiver. And we argue this was an improper waiver. The statute doesn't give trial courts much guidance about how far they are supposed to go in determining whether they can adequately represent themselves. Would you agree with that? Yes. But I think if the statute, you know, does say he has a right to counsel, you know, this is a declaration of liberty interest. Most judges who would face a criminal setting, you know, would ask more questions than the date, time, and, you know, who's the President of the United States. And also, you know, the statute says it's an informed waiver. So on the Section 805, and there was no disclosure, no saying what this hearing, you know, confirmation of what this hearing was about, what was the consequences. Another issue, sorry, is really we're just proposing that the court should follow its previous precedent, that to endorse the providing the person who has the right to counsel with the full questioning, at least not giving questions about what's the procedure, you know. And allowing the waiver without this full questioning really contradicts precedent, supporting full knowledge prior to a waiver of the basic due process right. I've had, you know, clients who are experienced, who've been in mental health courts numerous times, who knew how to represent themselves and did a, you know, could understand the process. And unfortunately, this gentleman didn't understand, the record reflects there's ambiguity about why he was there. He didn't fully understand. And... Was his only request that he be taken off medication? Yeah, one of his, he, and Judge Harrison had to tell him that this is not a hearing about medication. He also mentioned toward the end of the hearing something about a landlord case. He mentioned the U.S. military. I mean, I tried to sum up the five pages. And, you know, and he did make some points, he did make some points that it wasn't dangerous. But, you know, just that his only question to the state's witness was about medication. Made it seem that he didn't understand that that hearing was not about medication, that it was about commitment. There was a previous case on Lawrence S. I believe it's in a different district. But there, they affirmed the waiver of counsel. But in that case, the 12th judge asked the respondent non-leading questions. And the respondent was pretty coherent about why he was there. But here, why did everyone ask? The trial judge only asked leading questions. And for those reasons, because the trial court, you know, and it could have been if the trial court would have just given the proper admonishments. You know, proper, and it would have perhaps focused the defendant on what the hearing was about instead of for medication and commitment. You know, it would have been a proper and a favor to follow precedent. Finally, the state, in its response, agrees that this case falls within the capable repetition, evading review exception to the maintenance doctrine. We agree with that. We also argue that it probably falls within the public interest exception to the maintenance doctrine. Because I never found a case where a judge reserved the right to waive counsel until the end of the hearing or made a final determination on that. So this is a case of a first impression on that issue. Do you have any questions? I believe so. Okay. Thank you. Thank you, Counsel. Counsel? Your Honors. Counsel. A court faced with a question and a request from a respondent to represent himself must begin with the presumption of confidence. Why is that? Huh? Why is that? It's by statute that no one at 405 ILCS 5-2-101 requires that no person that comes before the court will be presumed to be incompetent. And so the court begins with the presumption of confidence. Now, in this case, you know, the court had prior experience with this particular respondent because the court makes later comments about their dramatic improvement that the court notices. So it's not like the judge is unfamiliar with this particular respondent. So that informs part of his decision to determine that the respondent has the capacity to weigh counsel. Now, by statute, he had the right to counsel, and he did have counsel. And the Section 3-805 requires that he must first confirm with counsel before he can waive it. And that happened, and it's on the record. And he must make the request himself to waive counsel, and he did on his own with no prompting by the court. That's totally unlike Evelyn S. and Ray Evelyn S. Because in that case, it was the court that brought up, do you want to waive counsel? And that's not what happened here. He wanted to waive, and he made that request himself. Now, as far as to inquiring about capacity, there were just those three questions that had to do with place and date and who's the president. And that might seem on its face to be inadequate, but you have to also consider that he had prior experience with this particular respondent. Now, the court said it was going to reserve its ultimate ruling. But the court also said, in talking about this reservation, I may have to reconsider. And the court had satisfied itself as to the respondent's capacity to waive prior. And the court found no reason afterwards to disturb that finding of capacity. Now, as well, even if this court should find that the preliminary inquiry as to capacity was inadequate, nonetheless, the respondent still has to show prejudice. He has to show that he suffered some kind of prejudice from the court's failure to inquire sufficiently into capacity. And you're correct. There's not really much guidance out there. No case that really provides guidance about what is a sufficient inquiry. So perhaps this court can provide some guidance through an opinion. At the very least, don't you think the trial court should say, do you understand the purpose of this hearing? Do you understand what a commitment order is? Yeah. Well, at the beginning, you know, the court announces what the petition is there for, what the case is being called for. And the court also informed the respondent, well, you know, if you waive counsel, you're going to be held to the same standards. And the court also explained to the respondent, this is the way it will happen. You will have a chance to ask questions after any testimony, and you will be permitted to make a statement or testify on your own. And so the respondent understood what the proceeding was going to be like. And the way that he represented himself also shows that he understood the nature of the proceeding. Now, there was a lot of what we would see as irrational statements that went on. But from it, you can also glean that he understood what was going on because, one, he attacked the sufficiency of the petition. He knew that he had to be examined within 72 hours. So he knew how to attack the petition. He testified that he wasn't a danger to himself or others. And he testified that he had the funds to get the power turned back on at his residence. And he testified that he denied threatening and he denied, well, he said that the time when he struck his mother or threatened to strike his mother, that was a prior thing and it shouldn't apply to this particular proceeding. He denied threats to harm other people in the unit. And he said that he wanted to be back in his own custody. So he knew what the point of that proceeding was. He knew what he had the burden to show, that he's not a danger to himself or others. And he knew that he had the burden to somehow show that he could take care of himself. So, I mean, despite all of the other irrational things that we would think irrational that went on, nonetheless, the record shows that he understood what the nature of the proceedings was. And he knew what he had to show in order to prevail against this petition. And then afterwards, the court, after the hearing, the court comments that the court is impressed by the way he represented himself. And he notes the dramatic improvements. He notes that the respondent is well-rested and alert and that he's well-groomed, that he's conscious of what's going on in the proceedings. So, I mean, the court is simply trying to, well, that he's very civil in his presentation, in contrast to his earlier inabilities to control his outbursts. Yes. This same judge had had him briefed. Yes, yes. I mean, this is how we know that this particular judge, he's not just he has a context that he's judging this respondent's capacity by that is outside of just the three bare questions that he asks before. And when he says, I may have to reconsider, you know, he just, you know, he's trying to draw that line straight and true between the respondent's right to waive counsel and the respondent's right to have counsel. And I think that there is no way you can say that this particular respondent suffered any prejudice because it shows he had the capacity to waive counsel and that he wanted to. I mean, he himself brings it up that he wants to. It's not the court's suggestion like in Ray of Almanaz. So, you know, looking at the record as a whole and the court's language as a whole, it appears the court made a finding that he had capacity but reserved the right to reconsider that if, you know, this particular respondent had outbursts or somehow demonstrated that the court's original finding of capacity to waive counsel was wrong. And that's all that was going on, you know, looking at the proceedings wholly and fairly and in a de novo fashion. And so the people ask that the court's order be affirmed. Thank you. Counsel? Just a couple of points. The notation at the end of the hearing with regard to dramatic improvement, actually the week before, Michael actually eloped from the courtroom and the police had to chase after him. So because he wasn't eloping and running away, there was that dramatic improvement. So, you know, there was that fact that the prior, this was continued from a prior setting because Michael actually ran away from the courthouse and the police had to chase after him. Basically, you know, the acceptance of the state's position would validate that no admonishment can be given to the respondents in these cases. You know, I think before someone waives their critical right, they should know why they're waiving it and what's the consequence. And just saying that we're here on an involuntary commitment or, you know, in a criminal proceeding, that's not sufficient enough to waive right to counsel, that, you know, there has to be knowledge of the consequences of the hearing. Do you think there has to be a showing of prejudice? No, I don't think so because this is a waiver. Okay. You know, and also, you know, then you would say, well, he would be committed anyway, so, you know. But that was the next step. Yes. But you feel that that's, that there is no requirement of showing of prejudice when this occurs. Right, because basically then you get in a position, well, he's committable anyway, so, you know, him representing himself really didn't prejudice him because he would have been committed anyway, you know. Also, you know, if prejudice and because of the strict liability of liberty interest involved in involuntary commitment because he didn't commit any crime, you know. But also if you look at the proceeding, you know, there was prejudice because if you think of it, he didn't ask the state's witness any questions except for the one on medication. So there could have been more evidence, more testimony presented on behalf of himself. And, you know, the record also shows that he didn't clearly understand that this was a case only about commitment. He mentions that St. Clair County adjudicated him on military backing, that this issue may have to do with the victims' conduct by the United States federal military government, the U.S. Department of Defense. He, and this is a great quote on page 34 of the record. He says, I appreciate that, Your Honor. May you also be able to establish my proper appeals petition that may be placed, put in place for remote processing of the Cecil Management Group of Realty Management that was filed with the Circuit Court of the Third District in Edmondson. So he knew, like, some legalese, you know, like a firm, you know, but, and the judge's response to that is, I don't have that in front of you. Is that a dispute with your landlord? And then he says, no, that is upon today's current hearing. So, you know, there wasn't clarity that he understood that this was a hearing about commitment. So, but I think order in this type of case would provide more guidance to the trial court on what admonishments should be placed, perhaps like a reference to Supreme Court Rule 401, even though that's only criminal matters, you know. I think that would be helpful for the lower courts in these situations. Any questions? I don't believe so. Thanks. Okay, thank you. We appreciate the briefs and arguments from counsel. We will take the case under advisement.